**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| NANCY DO, ) | |
| ) | |
| Plaintiff, ) | Case No. SACV 14-441 AJW |
| ) | |
| v. ) | MEMORANDUM OF DECISION |
| ) | AND ORDER |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff filed this action seeking reversal of the decision of defendant, the Acting Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural facts, which are summarized in the joint stipulation. [JS 2]. In an April 19, 2012 written hearing decision that constitutes the Commissioner's final decision in this case, an administrative law judge (the "ALJ") found that plaintiff was not disabled because she retained the residual functional capacity ("RFC") to perform alternative jobs that exist in significant numbers in the national economy, including the Dictionary of Occupational Titles ("DOT") jobs of assembler, DOT occupational classification number 701.687-010; and packer, DOT occupational classification number

920.687-166. [JS 2-3; Administrative Record ("AR") 12-24]. Accordingly, the ALJ concluded that plaintiff was not disabled through the date of his decision. [AR 24].

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r, Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

## Discussion

Plaintiff contends that the Commissioner did not carry her burden at step five because the ALJ's finding that she cannot reach overhead with either the right or left arm precludes performance of the DOT jobs of assembler and packer. More specifically, plaintiff contends that there is an unresolved conflict between the vocational expert's testimony that such a limitation would not preclude performance of those jobs and the physical requirements of those jobs as described in the DOT.

At step five, the Commissioner has the burden of establishing, through the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines, that the claimant can perform alternative jobs that exist in substantial numbers in the national economy. Bruton v. Massanari, 268 F.3d 824, 827 n.1 (9th Cir. 2001). "Where the testimony of a VE is used at Step Five, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy." Osenbrock v. Apfel, 240 F.3d 1157, 1162-1163 (9th Cir. 2001).

Under Ninth Circuit law and Social Security Ruling ("SSR") 00-4p[1], an ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether that testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007); see Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (noting that a rebuttable presumption exists that the job classification information in the DOT controls) (citing Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986)). A VE's "testimony may give rise to such a conflict in at least two different ways. First, the [VE] may testify that a particular job requires a particular exertional or skill level, when the DOT expressly provides that the job requires a different exertional level." Carey v. Apfel, 230 F.3d 131, 144 n.2 (5th Cir. 2000). "A second, and different type of conflict may arise when the [VE's] testimony places the ALJ's finding with respect to the claimant's residual functional capacity or the claimant's specific impairments in conflict with the exertional or skill level or the specific skills required for the identified jobs in the DOT." Carey, 230 F.3d at 144 n.2.

Neither the DOT nor the VE's testimony "automatically trumps when there is a conflict." Massachi, 486 F.3d at 1153 (footnote omitted). If an apparent conflict exists, the ALJ must obtain an explanation for it, determine whether the VE's explanation is reasonable, decide whether a basis exists for relying on the VE rather than on the DOT, and explain how he or she resolved the conflict. Massachi, 486 F.3d at 1152-1153; see SSR 00-4p, 2000 WL 1898704, at *2-*4. This procedural requirement "ensure[s] that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the [DOT]." Massachi, 486 F.3d at 1153.

During the hearing, the ALJ asked the VE to assume the existence of a hypothetical person who, among other things, could not perform overhead reaching. [AR 74]. The VE testified that the hypothetical person could perform the DOT jobs of assembler and packer. [AR 74-75]. The VE also testified that his

---

[1] Social security rulings "are binding on all components of the Social Security Administration [SSA]" and represent

final opinions and orders and statements of policy and interpretations of the SSA. SSRs reflect the official interpretation of the SSA and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. SSRs do not carry the force of law, but they are binding on ALJs nonetheless.

Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009) (internal quotation marks, citations, alteration, and footnote omitted).

3

testimony was consistent with the DOT. [AR 73].  The ALJ found that plaintiff cannot perform overhead reaching. [AR 16].

According to the DOT, the "Physical Demands" of the job of assembler include frequent reaching, and those of the job of packer require constant reaching. "Frequent" means occurring from one-third to two-thirds of the time, and "constant" means two-thirds or more of the time. [See DOT, 1991 WL 678952 (assembler); DOT, 1991 WL 688001 (shoe packer)]. "Reaching" means "extending the hands and arms in any direction[.]" SSR 85-15, 1985 WL 56857, at *7; see also Riad v. Colvin, 2014 WL 2938512 at * 5 (C. D. Cal. Jun. 30, 2014) ("[T]he weight of authority in the Ninth Circuit supports the proposition that 'reaching' as used here in the DOT encompasses overhead or above-the-shoulder reaching.") (collecting cases).

The ALJ found that plaintiff cannot perform overhead reaching.  The VE's testimony creates an apparent conflict with the DOT because it "places the ALJ's finding with respect to the claimant's residual functional capacity . . . in conflict with the exertional or skill level or the specific skills required for the identified jobs in the DOT." Carey, 230 F.3d at 144 n.2.  The vocational expert's testimony does not provide sufficient support for his deviation from the DOT in this regard.  As a result, the court "cannot determine whether substantial evidence supports the ALJ's step-five finding that [plaintiff] could perform other work." Massachi, 486 F.3d at 1154.  Accordingly, the appropriate remedy is to reverse the denial of benefits and "remand this case so that the ALJ can perform the appropriate inquiries under SSR 00-4p." Massachi, 486 F.3d at 1154.

## Conclusion

For the reasons stated above, the Commissioner's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **reversed,** and the case is **remanded** for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

August 19, 2015

_____
ANDREW J. WISTRICH
United States Magistrate Judge